# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                  PLAINTIFF

V.                                                        CAUSE NO. 3:16-CR-41-CWR-FKB-2

ANTHONY WATSON                                                                            DEFENDANT

## ORDER

Before the Court is Anthony Watson's *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2255. He seeks relief from his 300-month sentence imposed after pleading guilty to second-degree murder. Having considered the issues presented, the record, and relevant authorities, the Court finds that the Motion should be granted in part to allow an evidentiary hearing on Defendant's claim that his attorney was ineffective for failing to timely file a notice of appeal, and dismissed in all other respects.

**I.    Background**

On March 18, 2015, a federal grand jury returned a three-count indictment charging Anthony Watson and his co-defendant Joshua Martin with the unlawful murder of Sharod Vaughn during a drug-trafficking crime. In lieu of proceeding on the original charges, Watson agreed to waive superseding indictment and proceed on a single-count information alleging second-degree murder. Pursuant to a written plea agreement, Watson appeared before this Court with his lawyer, Aafram Y. Sellers, on May 20, 2016, to plead guilty to the information. The Court sentenced Watson to 300 months in prison on September 22, 2016. Watson did not appeal, having waived the right to do so.

On September 25, 2017, Watson filed this petition, contending that Sellers (a) erroneously advised him of the consequences of his guilty plea, and (b) failed to appeal his sentence. Watson has requested that an evidentiary hearing be held on his claims.

## II. Legal Standard

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). "[W]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994). Claims of ineffective assistance of counsel are excepted from the general rule and may be brought in a § 2255 proceeding, but "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002)

## III. Discussion

### A. Waiver

The record reveals that Watson knowingly and voluntarily waived his right to challenge his sentence via § 2255 petition. Watson's appeal waiver is contained in the written plea agreement that he and his attorney read and signed. *See* Docket No. 16 at 4-6. It was also discussed at the change of plea hearing, where Watson specifically confirmed that he had read

and discussed with his counsel, understood, signed, and agreed with the terms of the plea agreement and plea supplement. *See* Audio of Change of Plea Hearing, May 20, 2016, at 13:35-16:00. Additionally, Watson advised the Court that when discussing these documents with Sellers, Sellers permitted him to ask questions about the documents and counsel answered those questions to Watson's satisfaction. *Id*. The Court performed a detailed probing of Watson's comprehension of the guilty plea and its consequences, including all rights waived, and Watson's responses demonstrated that he was competent, knew the appeal rights he was giving up, and did so freely in order to plead guilty. *Id*. at 19:10-20:15.

Given this record, Watson's appeal waiver must be enforced as to his claims for relief under § 2255.

**B.     Ineffective Assistance of Counsel Claims**

Because Watson's appeal waiver must be enforced, his ineffective assistance of counsel arguments can be considered "only when the claimed [ineffective] assistance directly affect[s] the validity of th[e] waiver or the plea itself." *White*, 307 F.3d at 343. Watson argues that Sellers (a) erroneously advised him of the consequences of his guilty plea, and (b) failed to appeal his sentence.

To prove ineffective assistance of counsel, "the defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Trottie v. Stephens*, 720 F.3d 231, 241 (5th Cir. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

First, Watson claims that Sellers erroneously advised him of the consequences of his guilty plea, leading him to believe that he was facing a mandatory maximum of 10 years, not 300 months. Such an argument implicates the validity of Watson's knowing and voluntary guilty plea

3

and waiver. "Whether a plea is knowing depends on whether the defendant understood the consequences of his plea; whether it was voluntary depends on whether the plea was induced by threats of improper promises." *United States v. Herrod*, 595 F. App'x 402, 412 (5th Cir. 2015). Watson's contention that he believed he was facing only 10 years suggests that he did not knowingly agree to plead guilty.

Watson's argument directly contradicts his attorney's testimony. Sellers testifies via affidavit that on multiple occasions he advised Watson of the plea agreement, including potential penalties. On May 18, 2016, Sellers met with Watson to discuss the plea offer of 300 months. Watson signed and dated the plea agreement, which attested that he had read and discussed with his counsel, understood, signed, and agreed to the terms. The following day, Watson was charged with second-degree murder, and at the hearing the magistrate judge informed Watson that the maximum punishment was life in prison and/or a fine of up to $250,000. On May 20, 2016, Watson pleaded guilty pursuant to the plea agreement, which provided that in exchange for the Watson's guilty plea, the government would recommend a 300-month sentence, followed by a five-year term of supervised released. The audio of the hearing confirms this as well. Sellers states that he reviewed the plea offer again with Watson on July 24, 2016, when they reviewed his presentence report prepared by probation.

The Fifth Circuit has advised "that courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pled but for his attorney's deficiencies and that they should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *United States v. Crain*, 877 F.3d 637, 649 (5th Cir. 2017) (quotation marks and citation omitted). As in *Crain*, the record shows that the written plea agreement correctly advised Watson of the applicable penalties and that "he had read, reviewed with

counsel, and understood this agreement, notwithstanding his conclusional argument to the contrary." *Id*. at 647. For this reason, the claim must be denied.

Second, Watson asserts that Sellers failed to file a notice of appeal after Watson directed him to do so. The Supreme Court has held that an attorney's failure to file a requested notice of appeal is *per se* ineffective assistance of counsel, even if the appeal would not have merit. *See Roe v. Flores-Ortega*, 528 U.S. 470, 483-86 (2000). To succeed on this claim, Watson "must only demonstrate that there is a reasonable probability that, but for counsel's failure, he would have timely appealed." *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007).

The record is not conclusive as to whether Watson instructed his counsel to file a notice of appeal. Watson claims, under penalty of perjury, that he instructed Sellers to file a NOA, and Sellers failed to do so. Sellers swears, under penalty of perjury, that Watson never expressed a desire to file an appeal. The record does not provide any other evidence which resolves this claim.

"If the evidence does not 'conclusively show' whether the petitioner requested that counsel file an appeal," an evidentiary hearing must be held on the issue. *See id*. Because there is a factual dispute as to whether Watson instructed Sellers to file a NOA, and there is no evidence other than the parties' dueling statements, the Court must order an evidentiary hearing on this issue. If, after the hearing, this Court finds that Watson, in fact, requested Sellers to file a Notice of Appeal, the Court may grant an out-of-time appeal. *See United States v. Coooley*, 549 F. App'x 307, 308 (5th Cir. 2013).

## IV. Conclusion

Watson's Motion is granted in part to the extent that he is entitled to an evidentiary hearing on the issue. The Motion is dismissed in all other respects. A hearing will be scheduled.

5

**SO ORDERED**, this the 25th day of June, 2018.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE