# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.                                                       CAUSE NO. 3:16-CR-41-CWR-FKB-2

ANTHONY WATSON                                                                DEFENDANT

## ORDER

Before the Court is Anthony Watson's motion for compassionate release. Docket No. 57. This matter is ripe for adjudication. For the reasons that follow, the motion is denied.

On May 20, 2016 Watson pled guilty to causing death through the use of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(j)(1). This Court sentenced him to 300 months in federal prison, followed by 5 years of supervised release, a $1,500 fine, restitution in the amount of $14,438.28, and a $100 special assessment. He is presently serving his sentence at FCI Oakdale II. On March 8, 2021, Watson filed a motion for compassionate release. Watson says his medical conditions—including high blood pressure, asthma, morbid obesity, high cholesterol, knee and joint pain, and diabetic risk factors—are significant risk factors for severe COVID-19 illness.

While the Court generally "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), it may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." [1] *Id.* § 3582(c)(1)(A). The Court may grant such a

---

[1] For the Court to proceed to such an analysis, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must have been a "lapse of 30 days from the receipt of such a request . . . ." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). Here, Watson submitted a request for compassionate release to Warden Ma'at on February 2, 2021. *See* Docket No. 57 at 7. Since 30 days from this date has lapsed, the Court finds that Watson has successfully exhausted his administrative rights.

request if it finds that "extraordinary and compelling reasons warrant such a reduction," *id.*, "after considering the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

The § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

At present, the Court declines Watson's request for compassionate release even if his medical conditions create extraordinary and compelling circumstances because the § 3553(a) factors weigh against release. Most importantly, Watson was convicted of a serious violent crime—causing death through the use of a firearm during and in relation to a drug trafficking offense.

In sum, in light of the seriousness of the instant offense and other factors, the Court finds that the § 3553(a) factors weigh against release. Accordingly, Watson's motion for compassionate release is denied.

**SO ORDERED**, this the 17th day of May, 2021.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE